# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN P. HALVONIK,

      Plaintiff,

v.

JOHN DOLL, Director, U.S. Patent and Trademark Office

      Defendant.

Civil Action No. 09-326 (CKK)

## MEMORANDUM OPINION
(October 30, 2009)

This case comes before the Court on an order by the United States Court of Appeals for the District of Columbia Circuit holding in abeyance Plaintiff's appeal and directing this Court to consider Plaintiff's filing captioned "Appeal of Order Dismissing Case for Failure to Serve" as a motion to reconsider the Court's June 24, 2009 Order dismissing this case without prejudice for failure to serve. Upon consideration of Plaintiff's filing, the relevant case law and the record of this case as a whole, the Court has determined that it is inclined to grant Plaintiff's motion for reconsideration, but is currently without jurisdiction to do so as the case is now pending on appeal before the D.C. Circuit. Nonetheless, consistent with this Circuit's case law, the Court indicates herein that it will grant Plaintiff's motion for reconsideration, in the event this case is remanded and the Court has jurisdiction over Plaintiff's motion. More specifically, the Court would, on remand, reinstate the above civil action and provide Plaintiff an additional period of 30 days (running from this Court's order on remand) to perfect service and to file proof of service with the Court. Plaintiff's motion for reconsideration is therefore HELD IN

ABEYANCE to permit Plaintiff to move the D.C. Circuit for remand in order that relief may be granted, for the reasons set forth below.

## I. BACKGROUND

Plaintiff, an attorney who is representing himself *pro se*, filed his complaint in the above-captioned matter on February 19, 2009.  On June 24, 2009, this Court issued an Order dismissing Plaintiff's Complaint without prejudice for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).  *See* June 24, 2009 Order, Docket No. [4].  Approximately one month later, Plaintiff filed a paper document with the Clerk of the Court's Office, captioned "Appeal of Order Dismissing Case for Failure to Serve."  *See* Docket No. [5].  It was initially unclear whether Plaintiff intended that document to be treated as a notice of appeal to the D.C. Circuit of the Court's June 24, 2009 Order or as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).  Because Plaintiff ultimately paid the required appellate fees, this Court issued an Order on October 6, 2009, advising Plaintiff that it would treat his filing captioned "Appeal of Order Dismissing Case for Failure to Serve" as a notice of appeal — not as a motion for reconsideration.  Shortly thereafter, Plaintiff notified this Court that he had in fact intended the filing to be treated as motion for reconsideration and simultaneously filed a "Request to Voluntarily Withdraw Appeal" with the D.C. Circuit, explaining that he had intended his filing to serve as a motion for reconsideration and not as a notice of appeal to the Court of Appeals.  *See* Docket No. [18].

On October 20, 2009, the D.C. Circuit issued an Order responding to Plaintiff's "Request to Voluntarily Withdraw Appeal."  *See* D.C. Circuit Oct. 20, 2009 Order, Docket No. [9]. Finding that Plaintiff appeared to have "intended his district court pleading captioned 'Appeal of

2

Order Dismissing Case for Failure to Serve,' to be a motion to reconsider the district court's June 24, 2009 order dismissing his case, the D.C. Circuit ordered that the pleading "be referred to the district court as a motion to reconsider its June 24, 2009 order." *Id.* The D.C. Circuit further ordered "that consideration of the request to voluntarily withdraw appeal be deferred and the case held in abeyance pending further order of the Court." *Id.* Accordingly, pursuant to the D.C. Circuit's October 20, 2009 Order, this Court turns now to consider Plaintiff's pleading captioned "Appeal of Order Dismissing Case for Failure to Serve," which the Court shall treat as a motion for reconsideration.

## II. LEGAL STANDARDS AND DISCUSSION

As explained above, the D.C. Circuit has directed this Court to consider Plaintiff's pleading captioned "Appeal of Order Dismissing Case for Failure to Serve" as a motion to reconsider its June 24, 2009 Order dismissing Plaintiff's complaint without prejudice for failure to serve. Because this pleading was filed more than 10 days after the Court's June 24, 2009 Order, the Court shall treat it as a motion for reconsideration pursuant to Rule 60(b). *See Int'l Painters and Allied Trades Industry Pension Fund v. Design Tech.*, 254 F.R.D. 13, 17 (D.D.C. 2008) ("As a general rule, courts treat . . . motions for reconsideration as a '[Fed.R.Civ.P.] 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter.'") (quoting *United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003).

Importantly, a district court does not have jurisdiction to grant relief from a judgment pursuant to Rule 60(b) while a case is pending on appeal. It may, however, consider a motion for such relief and either: (1) deny such relief without remand from the appellate court; or (2) indicate that it will grant relief, after which the appellant may move the appellate court for a

remand in order that relief may be granted.  *See Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991)

("[W]hen both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review

may continue uninterrupted.  At the same time, the District Court may consider the 60(b) motion

and, if the District Court indicates that it will grant relief, the appellant may move the appellate

court for a remand in order that relief may be granted."); *Piper v. Dep't of Justice*, 374 F. Supp.

2d 73, 77 (D.D.C. 2005) ("[W]hen, as in this case, the order or judgment from which a party

seeks relief is also the subject of a pending appeal . . . the district court may outright deny, but

cannot outright grant, a Rule 60(b) motion.  If the court is inclined to grant a Rule 60(b) motion

while appellate review is ongoing, 'the District Court may consider the 60(b) motion, and, if the

District Court indicates that it will grant relief, the appellant may move the appellate court for a

remand in order that relief may be granted.'") (quoting *LaRouche v. Dep't of Treasury*, 112 F.

Supp. 2d 48, 52 (D.D.C. 2000)).  With this in mind, the Court turns to consideration of Plaintiff's

Rule 60(b) motion for reconsideration.

Plaintiff appears to principally argue that his failure to timely serve Defendants and to file

proof of such service on the public docket was due to excusable neglect.  Rule 60(b) provides,

*inter alia*, that, "[o]n motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise,

or excusable neglect."  FED. R. CIV. P. 60(b)(1).  The Rule "was intended to preserve 'the delicate

balance between the sanctity of final judgments . . . and the incessant command of the court's

conscience that justice be done in light of all the facts.'"  *Good Luck Nursing Home, Inc. v.*

*Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (quoting *Bankers Mortgage Co. v. United States*, 423

F.2d 73, 77 (5th Cir.)).  As the D.C. Circuit has emphasized, Rule 60(b) "gives the district judge

broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49

F.3d 760, 765 (D.C. Cir. 1995), but "should be only sparingly used," *Good Luck Nursing Home*,

636 F.2d at 577.

In evaluating motions for reconsideration under Rule 60(b)(1), the D.C. Circuit has

adopted the Supreme Court's excusable neglect analysis as set forth in *Pioneer Ins. Servs. Co. v.*

*Brunswick Assocs. Ltd. Pshp.*, 507 U.S. 380 (1993).  *See In re Vitamins Antitrust Class Actions*,

327 F.3d 1207, 1209 (D.C. Cir. 2003) (applying the flexible *Pioneer* analysis to review of Rule

60(b)(1) motion).  Relevant circumstances for the Court to consider include: "(1) the danger of

prejudice to the party opposing the modification, (2) the length of delay and its potential impact

on judicial proceedings, (3) the reason for the delay, including whether it was within the

reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer*, 507

U.S. at 395.

In this case, Plaintiff, an attorney who is representing himself *pro se*, has advised the

Court that an extensive family medical emergency prevented him from timely filing proof of

service as required by the Court's May 5, 2009 Order.  According to Plaintiff, he caused

Defendants to be timely served with a copy of the Complaint in this matter by June 19, 2009, as

required, but was unable to file proof of service in a timely manner as a result of family illness.

Plaintiff has now attached an affidavit purporting to show proof of service to his motion for

reconsideration.  Upon consideration of Plaintiff's pleading, the Court finds that he has

demonstrated excusable neglect.  First, Defendants have not yet entered an appearance in this

case, and the Court finds that they would not be prejudiced by reopening this case and permitting

Plaintiff to perfect service.  Second, although Plaintiff delayed several weeks before filing the

pending motion for reconsideration and would have been better served to file the instant motion in a more timely manner, providing Plaintiff additional time to perfect service and to file proof of such service will have a minimal impact on these judicial proceedings in light of the case's current procedural posture.  Third, Plaintiff has explained that his failure to timely file proof of service was due to an unexpected medical emergency that was beyond his reasonable control. Fourth and finally, there is no indication of bad faith on Plaintiff's part.  Although it is not clear from the record whether Plaintiff in fact served Defendants in compliance with Rule 4, it appears that Plaintiff made a good faith effort to timely serve Defendants.  Accordingly, upon consideration of the circumstances in this case, the Court finds that Plaintiff has demonstrated excusable neglect and that — in the event the case is remanded to this Court — his motion for reconsideration should be granted and this civil action reinstated.

As mentioned above, however, it is not clear from the record now before the Court that Plaintiff has perfected service against Defendants as provided for under the Federal Rules.  More specifically, Rule 4(c)(1) mandates that "[a] summons must be served with a copy of the complaint."  The proof of service attached by Plaintiff to his motion for reconsideration indicates only that the Complaint was served on Defendants and is silent as to whether the Summons was also served.  The Court notes that, "[a]lthough '[*p*]*ro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings,' 'this consideration does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure,' nor is it of much consolation to plaintiff, since he is a practicing attorney." *Ning Ye v. Holder*, __ F. Supp. 2d __, Civ. Act. No. 09-103, 2009 WL 2475169, *2 (Aug. 13, 2009) (quoting *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) and *Jarrell v.*

6

*Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).   Nonetheless, the Court is inclined, on remand, to provide Plaintiff an additional 30 days (running from this Court's order on remand) to perfect service and to file proof of service with the Court.   *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period.").   If Plaintiff fails to do so, the Complaint will be dismissed.

### III.  CONCLUSION

For the reasons set forth above, the Court is inclined to grant Plaintiff's motion for reconsideration, but currently is without jurisdiction to do so as the case is now pending on appeal before the D.C. Circuit.   Accordingly, consistent with this Circuit's case law, the Court indicates herein that — in the event this case is remanded and the Court has jurisdiction over Plaintiff's motion — it will grant Plaintiff's motion for reconsideration and provide Plaintiff an additional period of 30 days (running from this Court's order on remand) to perfect service and to file proof of service with the Court.   Plaintiff's motion for reconsideration is therefore HELD IN ABEYANCE to permit Plaintiff to move the D.C. Circuit for remand in order that relief may be granted in accordance with this Memorandum Opinion.

Date: October 30, 2009

                                      */s/*
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge