**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| JOHN P. HALVONIK,<br><br>    *Petitioner*,<br><br>v.<br><br>HON. DAVID J. KAPPOS, Under Secretary of Commerce for Intellectual Property and Director of the U.S. Patent and Trademark Office,<br><br>    *Respondent*. |

Civil Action No. 09-00326 (CKK)

**MEMORANDUM OPINION**
(January 3, 2011)

Petitioner John P. Halvonik ("Halvonik"), an attorney proceeding *pro se*,[1] commenced this action on February 19, 2009 against Respondent David J. Kappos ("Kappos"), in his official capacity as the Under Secretary of Commerce for Intellectual Property and Director of the U.S. Patent and Trademark Office (the "USPTO"),[2] seeking review of a decision excluding Halvonik from practicing as an attorney before the USPTO for a period of five years. Presently before the Court are Kappos' [27] Motion for Judgment of Affirmance and Halvonik's [33] Motion for Judgment of Reversal. For the reasons set forth below, the Court shall GRANT Kappos' Motion

---

[1] Although Halvonik is proceeding in this action *pro se*, he is an experienced attorney and is therefore presumed to have knowledge of the legal system. *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009). As a result, he is not entitled to the same level of solicitude often afforded non-attorney litigants proceeding without legal representation. *Baird v. Snowbarger*, __ F. Supp. 2d __, 2010 WL 3999000, at *4 (D.D.C. Oct. 13, 2010).

[2] Kappos was automatically substituted as the Respondent in this action upon his appointment to the position of Under Secretary of Commerce for Intellectual Property and Director of the USPTO. *See* Fed. R. Civ. P. 25(d) ("when a public officer who is a party in an official capacity . . . resigns, or otherwise ceases to hold office," during the pendency of an action, "[t]he officer's successor is automatically substituted as a party").

for Judgment of Affirmance, DENY Halvonik's Motion for Judgment of Reversal, and DISMISS this action in its entirety.

## I. BACKGROUND

Congress vested the USPTO with the statutory authority to promulgate regulations "govern[ing] the recognition and conduct of agents, attorneys, or other persons representing applicants or other parties before the Office." 35 U.S.C. § 2(b)(2)(D). Pursuant to that authority, the USPTO has enacted a Code of Professional Responsibility (the "Code"), 37 C.F.R. §§ 10.20 *et seq.*, which includes a number of Disciplinary Rules that are "mandatory in character and state the minimum level of conduct below which no practitioner [before the USPTO] can fall without being subjected to disciplinary action." *Id.* § 10.20(b). If an attorney fails to comply with the Code, the USPTO has the authority, upon conducting an appropriate hearing, to "suspend or exclude, either generally or in any particular case, [the attorney] from further practice before the Patent and Trademark Office." 35 U.S.C. § 32.

   *A.   The Commencement Of Disciplinary Proceedings Against Halvonik*

Halvonik is an attorney and was—prior to the resolution of the disciplinary proceedings at issue in this action—registered to practice and represent others in the prosecution of patent applications before the USPTO. On June 28, 2006, having received client complaints directed towards Halvonik, the USPTO's Office of Enrollment and Discipline (the "OED") initiated disciplinary proceedings against Halvonik, charging him with various counts of professional misconduct in violation of the Code.[3] *See* Compl. & Notice of Proceedings (June 28, 2006), at

---

[3] Previously, the USPTO suspended Halvonik for a period of seven months after finding he committed various acts of professional misconduct, a decision subsequently affirmed by this Court. *See Halvonik v. Dudas*, 398 F. Supp. 2d 115 (D.D.C. 2005), *aff'd*, 192 Fed. Appx. 964

AR1-6.[4]  Halvonik responded to the charges in writing.  *See* Answer (Sept. 18, 2006), at AR9-11.
The parties then proceeded to conduct discovery and engage in an extensive motion practice on the administrative level.

A two-day hearing was held before Administrative Law Judge Barbara A. Gunning (the "ALJ") on September 19 and 20, 2007, which Halvonik attended representing himself.  *See* Hr'g Tr. (Sept. 19, 2007), at AR12-357; Hr'g Tr. (Sept. 20, 2007), at AR358-628.  On July 31, 2008, after affording the parties an opportunity to submit post-hearing briefing, the ALJ issued a thorough forty-four page decision (the "Initial Decision").  *See* Initial Decision (July 31, 2008), at AR629-673.  Finding that Halvonik had committed multiple willful and egregious acts of professional misconduct in violation of the Code—including, but not limited to, commingling client and personal funds, failing to promptly refund client fees that had not been earned, and neglecting to prosecute client matters in a timely manner—the ALJ concluded that excluding Halvonik from practice before the USPTO for a period of five years was the appropriate sanction.  *Id.* at AR640-72.

B.  Halvonik's "Appeal" Of The ALJ's Initial Decision

By regulation, a party aggrieved by an administrative law judge's initial suspension or exclusion order may appeal that decision to the Director of the USPTO (the "Director"):

> Within thirty (30) days from the date of the initial decision of the administrative law judge under § 10.154, either party may appeal to the [Director] *** An appeal or cross-appeal by the respondent will be filed and served with the [OED] in duplicate *and will include*

---

(Fed. Cir. 2006), *cert. denied*, 549 U.S. 1305 (2007).  The precise nature of those suspension proceedings is not germane to the motions now before the Court.

[4]  References to "AR" are to the Administrative Record in this action.

> *exceptions to the decisions of the administrative law judge and supporting reasons for those exceptions.*

37 C.F.R. § 10.155(a) (emphasis added).[5] Any such administrative appeal is decided by the Director or his designee, who "may affirm, reverse or modify the initial decision or remand the matter . . . for such further proceedings as the [Director] may deem appropriate." *Id.* § 10.156(a).

Consistent with this procedural framework, the ALJ's Initial Decision in this case concluded with the following notice, appearing in bold text:

> Pursuant to 37 C.F.R. § 10.155, any appeal by Respondent from this Initial Decision . . . must be filed in duplicate with the [OED] . . . within thirty (30) days of the date of this Decision. *Such appeal must include exceptions to the Administrative Law Judge's Decision.* Failure to file such an appeal in accordance with Section 10.155 above will be deemed to be both an acceptance by Respondent of the Initial Decision and that party's waiver of rights to further administrative review.

Initial Decision (July 31, 2008), at AR672 (emphasis altered). Halvonik filed a Notice of Appeal within the designated thirty-day period, a document which stated, in one sentence: "Respondent hereby appeals the final decision of the ALJ in the above referenced case." Notice of Appeal (Sept. 2, 2008), at AR674. Halvonik neither identified exceptions to the ALJ's Initial Decision nor supplied the reasons for his appeal.[6] *Id.*

---

[5] The procedural rules governing disciplinary proceedings before the USPTO were amended effective September 15, 2008; however, because the amendments apply only prospectively, the Court shall cite to the regulations in place at the time the disciplinary proceedings were commenced against Halvonik. *See* Changes to Representation of Others Before the United States Patent & Trademark Office, 73 Fed. Reg. 47650-01, 47650 (Aug. 14, 2008) (providing that "disciplinary proceedings [commenced prior to September 15, 2008] will continue under the rules in effect on the date the complaint . . . was filed.).

[6] Halvonik's approach here contrasted with the approach he took in the context of the prior disciplinary proceedings instituted against him. In appealing the administrative law judge's initial decision in those proceedings, Halvonik identified in detail his exceptions to the decision.

4

Subsequently, the OED filed a brief requesting that the ALJ's Initial Decision be affirmed. *See* OED's Reply to Resp't's Appeal (Oct. 1, 2008), at AR675-696. The OED argued that the Initial Decision should be affirmed on substantive grounds because it was supported by clear and convincing evidence, and on procedural grounds because Halvonik failed to identify any reversible error in his Notice of Appeal. *Id.* Halvonik responded on November 10, 2008. *See* Response to OED's Reply (Nov. 10, 2008), at AR697-714.

On January 21, 2009, the Director, through his designee, the General Counsel for the USPTO, issued a decision affirming the ALJ's Initial Decision in its entirety (the "Final Decision") on purely procedural grounds. *See* Final Decision (Jan. 21, 2009), at AR715-718. Specifically, the Director concluded that, although timely, Halvonik's appeal "failed to satisfy the regulatory requirements for appeal"—namely, in that Halvonik failed to include exceptions to the ALJ's decision below as required by 37 C.F.R. § 10.155(a). Final Decision (Jan. 21, 2009), at AR717. In so finding, the Director emphasized that the "[t]he requirement that an appeal include the exceptions on which the appellant relies reflects the public interest in the prompt resolution of disciplinary matters." *Id.*

C. *The Present Action*

Halvonik commenced this action on February 19, 2009 pursuant to 35 U.S.C. § 32 and Local Rule LCvR 83.7, seeking review of the decision to exclude him from practicing as an attorney before the USPTO for a period of five years. *See* Petition for Review (Feb. 19, 2009), Docket No. [1].

On March 9, 2010, Kappos filed a Motion for Judgment of Affirmance, the thrust of

---

*See* Appeal of Resp't, at AR1579-1619.

which is that, in issuing the Final Decision, the Director properly concluded that Halvonik failed to comply with the procedural requirements for an administrative appeal. *See* Resp't's Mot. for J. of Affirmance, Docket No. [27]. On April 19, 2010, Halvonik filed an opposition. *See* Pet'r's Opp'n to Resp't's Mot. for J. of Affirmance ("Pet'r's Opp'n"), Docket No. [34]. Kappos elected not to file a reply. The motion is therefore fully briefed and ripe for adjudication.

Separately, on April 21, 2010, Halvonik filed a Motion for Judgment of Reversal. *See* Pet'r's Mot. for J. of Reversal ("Pet'r's Mem."), Docket No. [33]. While this action is ostensibly a challenge to the Director's Final Decision, *see* Petition for Review (Feb. 19, 2009), at 1, Halvonik's arguments in support of reversal are directed towards alleged errors in the ALJ's Initial Decision. Indeed, the lion's share of Halvonik's motion is dedicated to the assertion that the ALJ "incorrectly concluded [that he] had violated a fiduciary duty and because a violation of such duties are [sic] very serious, the penalty in this case should be reduced." Pet'r's Mem. at 21. Kappos filed an opposition to Halvonik's motion on May 10, 2010. *See* Resp't's Opp'n to Pet'r's Cross-Mot. for J. of Reversal, Docket No. [36]. Halvonik elected not to file a reply, rendering the motion fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

The District Court for the District of Columbia serves as the exclusive forum for individuals petitioning for review of a decision suspending or excluding them from practice before the USPTO. *Franchi v. Manbeck*, 972 F.2d 1283, 1288 (Fed. Cir. 1992). By Local Rule,[7] petitions must be filed "within 30 days after the date of the order recording the [Director's]

---

[7] Congress allocated to this Court the authority to consider such petitions "under such conditions and upon such proceedings as it by its rules determines" to be appropriate. 35 U.S.C. § 32.

6

action." Local Rule LCvR 83.7.  The administrative record of the proceedings below "constitute[s] the sole basis for the court's review," *id.*, and the action must be affirmed on the grounds originally stated by the agency—the reviewing court may not attempt to supply a reasoned basis for the decision where none is given, *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  Because the USPTO, and not the federal courts, "is vested with the responsibility to protect the public from unqualified practitioners before the Patent Office," the reviewing court's function is a limited one, confined to "determin[ing] whether the USPTO's decision was arbitrary [or] capricious based on the record created and considered," *Maresca v. Comm'r of Patents & Trademarks*, 871 F. Supp. 504, 507 (D.D.C. 1994), *aff'd*, 56 F.3d 80 (Fed. Cir. 1995), *cert. denied*, 516 U.S. 1075 (1996); *see also Bender v. Dudas*, No. 04 Civ. 1301 (RBW), 2006 WL 89831, at *9 (D.D.C. Jan. 13, 2006) (the reviewing court "is not free to disturb the PTO's decision of exclusion so long as it is reasonable."), *aff'd*, 490 F.3d 1361 (Fed. Cir. 2007), *cert. denied*, 553 U.S. 1017 (2008).

### III.  DISCUSSION

Presently before the Court are Kappos' [27] Motion for Judgment of Affirmance and Halvonik's [33] Motion for Judgment of Reversal.  The Court addresses each motion in turn.

  A.  *Because Halvonik Failed To Satisfy The Requirements For An Administrative Appeal, Kappos' Motion For Judgment of Affirmance Shall Be Granted*

Pursuant to the authority vested in it by Congress, the USPTO established a specific procedural framework governing administrative appeals from an administrative law judge's initial suspension or exclusion decision.  At all times relevant to this action, that procedural framework included the clear and unequivocal requirement that an administrative appeal must be made "within thirty (30) days from the date of the initial decision" and must "include exceptions

to the decisions of the administrative law judge and supporting reasons for those exceptions." 37 C.F.R. § 10.155(a). Indeed, Halvonik was expressly cautioned that any appeal to the ALJ's Initial Decision "must include exceptions to the Administrative Law Judge's Decision," and that the failure to file an appeal in accordance with the rules would "be deemed to be . . . [a] waiver of rights to further administrative review." Initial Decision (July 31, 2008), at AR672 (emphasis omitted). Nevertheless, Halvonik's appeal, though timely filed, consisted of a single, unilluminating sentence. Notice of Appeal (Sept. 2, 2008), at AR674. Halvonik made no attempt to identify exceptions to the ALJ's Initial Decision or to articulate, in sum or in substance, the basis for his appeal. *Id.* Consequently, the Director rejected Halvonik's appeal and affirmed the decision below based upon Halvonik's "fail[ure] to satisfy the regulatory requirements for appeal." Final Decision (Jan. 21, 2009), at AR717. This decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The freedom of agencies to fashion their own procedural rules has been described as "the very basic tenet of administrative law," *Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 544 (1978), and agencies therefore retain "broad discretion" in determining and administering their own procedures, *Turner v. Merit Sys. Prot. Bd.*, 806 F.2d 241, 245 (Fed. Cir. 1986); *accord Fried v. Hinson*, 78 F.3d 688, 690 (D.C. Cir. 1996). Consistent with these principles, an agency may generally exercise its discretion to refuse to consider a party's objections where those objections are not made at the time and in the manner prescribed by the agency's procedural rules. *See, e.g.*, *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383-84 (Fed. Cir. 2008) (party abandoned its arguments by failing to raise them at the appropriate time before the agency); *Deseado Int'l, Ltd. v. United States*, 600

8

F.3d 1377, 1380-81 (Fed. Cir. 2010) (agency did not err by refusing to consider party's contention on the basis that it had not participated in prior administrative proceedings). Where, as here, a party fails to identify the claimed errors in an administrative law judge's decision in a meaningful manner, the agency does not err by summarily dismissing an administrative appeal. *Lozada v. Immigration & Naturalization Serv.*, 857 F.2d 10, 12-13 (1st Cir. 1988); *see also Kersey v. Undersecretary of Commerce for Intellectual Prop.*, No. 02 Civ. 2331 (GK), 2005 WL 486144, at *7 (D.D.C. Jan. 31, 2005) (party could not argue that the findings of administrative law judge were erroneous where it failed to raise those specific issues on administrative appeal), *aff'd*, 221 Fed. Appx. 997 (Fed. Cir. 2007) (per curiam). In this case, the Director acted well within the scope of his discretion in affirming the ALJ's Initial Decision based upon Halvonik's failure to comply with the requirements for an administrative appeal.

Halvonik's arguments in opposition do not warrant a different result. Halvonik does not contest (nor could he) that he failed to articulate exceptions to the ALJ's Initial Decision in requesting an administrative appeal. Nor does he claim ignorance of the applicable rules. Rather, in opposition to Kappos' motion, Halvonik poses the following question:

> If the appellant's case is dismissed for failing to file an appeal then what would be the point of having a Notice of Appeal provision? If filing a brief is necessary to maintaining an appellant's right to an appeal, then the Notice of Appeal referenced in 37 CFR would be a nullity; there would be no point to that regulation and the law generally does not favor such an interpretation.

Pet'r's Opp'n at 1. The Court fails to see how interpreting the relevant regulation consistently with its plain language would render it a nullity. The regulation simply requires parties to file an administrative appeal within thirty days of the administrative law judge's initial decision and to identify therein their exceptions and reasons therefor. 37 C.F.R. § 10.155(a). Ironically, it is

9

Halvonik's proposed interpretation that would render parts of the regulation meaningless by writing out the clear and unambiguous language requiring that all requests for an administrative appeal "include exceptions to the decisions of the administrative law judge and supporting reasons for those exceptions." *Id.* Halvonik has offered no basis, and the Court can see none, that would justify ignoring this clear regulatory command.

Despite Halvonik's unsupported assertion to the contrary, the regulation is not designed solely "to evidence his intent" to appeal. Pet'r's Opp'n at 3. First, the same regulation confers upon administrative appellees the right to file a brief responding to the appellant's appeal:

> The other party to an appeal or cross-appeal may file a reply brief.
> *** The time for filing any reply brief expires thirty (30) days after the date of service pursuant to § 10.142 of an appeal, cross-appeal or copy thereof.

37 C.F.R. § 10.155(a). If the administrative appellant was free to forego articulating "exceptions . . . and supporting reasons for those exceptions," *id.*, the administrative appellee would be wholly incapable of crafting a meaningful response. Nor would the Director be adequately apprised of the basis for the appeal. Second, the regulation is structured to ensure that administrative appeals are fully briefed within a sixty-day period: an appeal must be filed within thirty days of the initial decision of the administrative law judge and a response must be filed within thirty days thereafter, at which point the record is transmitted to the Director for disposition.[8] *Id.* As observed by the Director, this structure furthers "the public interest in the

---

[8] The regulatory scheme does not contemplate additional briefing beyond the initial appeal and the appellee's response. 37 C.F.R. § 10.155(a). Therefore, the Director did not err by refusing to consider Halvonik's brief responding to the OED's response. Final Decision (Jan. 21, 2009), at AR717. In any event, the Director correctly observed that, even if Halvonik's brief was construed as a supplement to his initial Notice of Appeal, that brief was untimely in that it fell outside the designated thirty-day period. *Id.*

prompt resolution of disciplinary matters." Final Decision (Jan. 21, 2009), at AR717-18.

For all these reasons, the Court concludes that the Director did not err by concluding that Halvonik failed to satisfy the requirements for an administrative appeal, and by affirming the ALJ's Initial Decision on that basis. Accordingly, the Court shall GRANT Kappos' [27] Motion for Judgment of Affirmance.

  B. *Because Halvonik Has Failed To Ascribe Any Error To The Final Decision, His Motion For Judgment Of Affirmance Shall Be Denied*

Halvonik's Motion for Judgment of Reversal is without merit. Halvonik attests that he "does not wish to contest the factual findings below, but rather [the] legal conclusion based on fact, that [he] violated a fiduciary duty" by commingling client and personal funds in a single account.[9] Pet'r's Mem. at 1. The Final Decision in this action, however, contained no such conclusion. Significantly, this Court's review is limited to assessing the "action of the Director," 35 U.S.C. § 32, and the Director's Final Decision in this case rested on a single ground—*i.e.*, that Halvonik had failed to satisfy the procedural requirements for an administrative appeal. For the reasons set forth above, this decision was not in error. *See supra* Part III.A. As a result, the precise contours of Halvonik's various arguments in support of reversal are immaterial—the ascribed errors pertain exclusively to the ALJ's Initial Decision and have no bearing whatsoever upon the procedural grounds cited by the Director in issuing the Final Decision.[10] Accordingly,

---

[9] Despite this assertion, a number of Halvonik's arguments clearly challenge the ALJ's factual findings below, including, for example, the assertion that there was "no willfulness involved" in Halvonik's various acts of professional misconduct. Pet'r's Mem. at 20.

[10] Viewed from a slightly different perspective, Halvonik's arguments are misplaced in that they are directed towards interim, and not final, agency action. *See* 37 C.F.R. § 10.156(a) (providing that, where a party elects to file an administrative appeal, the Director's decision becomes final agency action twenty days after it is entered); *see also Nat'l Res. Def. Council v.*

Halvonik's [33] Motion for Judgment of Reversal shall be DENIED.

## IV. CONCLUSION

The Court has considered the remaining arguments tendered by the parties and has concluded that they are without merit. Therefore, and for the reasons stated above, the Court shall GRANT Kappos' [27] Motion for Judgment of Affirmance, DENY Halvonik's [33] Motion for Judgment of Reversal, and DISMISS this action in its entirety. An appropriate Order accompanies this Memorandum Opinion.

Date: January 3, 2011

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

---

*Envtl. Prot. Agency*, 559 F.3d 561, 564 (D.C. Cir. 2009) ("A final agency action is one that marks the consummation of the agency's decisionmaking process and that establishes rights and obligations or creates binding legal consequences.").